**In re JEPSCO BUILDING MATERIALS, INC., a Florida Corporation Debtor-in-Possession, Debtor.**

**JEPSCO BUILDING MATERIALS, INC., a Florida Corporation Debtor-in-Possession, Plaintiff,**

v.

**BOSTWICK STEEL LATH COMPANY, Defendant.**

**Bankruptcy No. 80–01482–BKC–JAG. Adv. No. 81–0063–BKC–JAG–A.**

United States Bankruptcy Court, S. D. Florida.

Oct. 27, 1981.

Stanley Cheff, Lighthouse Pt., Fla., Richard S. Thayer, P. A., Boca Raton, Fla., for defendant.

Christine Hall Larson, Saunders, Curtis, Ginestra & Gore, P. A., Fort Lauderdale, Fla., for debtor-in-possession.

FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This adversary proceeding was brought by the plaintiff to recover $19,217.82 which the plaintiff contends, it as debtor-in-possession, erroneously paid to the defendant Bostwick Steel Lath Company from debtor-in-possession funds on an account which

existed prior to the filing of the chapter 11 proceeding on November 13, 1980. The payment was made on November 17, 1980. The defendant contends that the obligation was that of J. R. Hatmaker personally and not a JEPSCO Building Materials, Inc. obligation. J. R. Hatmaker was the chief executive officer, chairman and controlling stockholder of JEPSCO Building Materials, Inc. Defendant further contends that it did not know that it was being paid in debtor-in-possession funds since it received the proceeds of the cashier's check issued to it prior to the time it learned of the filing of the voluntary petition under chapter 11 of the Bankruptcy Code. The plaintiff contends that the obligation was in fact that of debtor rather than Hatmaker, but regardless, it was paid with debtor-in-possession funds which should be returned.

Based upon the evidence presented at the trial on June 8, 1980, the court finds the following to be the operative facts in this case:

1. Prior to September 15, 1980, Bostwick was a supplier to JEPSCO.

2. Prior to September, 1980, Bostwick was having difficulty collecting its account receivable from JEPSCO and refused to extend further credit to it.

3. On September 15, 1980, J. R. Hatmaker promised to pay Bostwick for merchandise invoiced and shipped in July, 1980.

4. Thereafter, Bostwick was willing to ship and invoice merchandise only upon the credit or guaranty of J. R. Hatmaker and was unwilling to extend credit to JEPSCO.

5. On September 10, 1980, Bostwick invoiced materials in the amount of $17,452.10 to J. R. Hatmaker c/o JEPSCO Building Materials, Inc. at JEPSCO's address which was paid on October 14, 1980. On October 10, 1980, it invoiced materials in the amount of $19,572.50 to J. R. Hatmaker c/o JEPSCO which was paid on November 19, 1980 from debtor-in-possession funds. (Actual payment was $19,217.82 upon allowance of a $354.68 discount). A JEPSCO check was originally drawn on November 14, 1980, the day after the petition was filed, upon orders given to the accountant prior to the filing, and it was replaced by a cashier's check which Bostwick deposited on November 19, 1980. It is this payment that the plaintiff seeks to recover in this action. On January 14, 1981, Bostwick invoiced another $7,801 to Hatmaker c/o JEPSCO which had been paid in advance and for which there apparently is a credit due by reason of a discount.

6. JEPSCO filed its voluntary petition under chapter 11 of the Bankruptcy Code on November 13, 1980. Bostwick was listed as a creditor in JEPSCO's schedules and was appointed to the committee of unsecured creditors by reason thereof. Bostwick had no actual notice thereof on November 19, the date upon which it received and credited the $19,217.82 payment in the form of a cashier's check deposited to its account.

7. The funds for payment came from the funds belonging to the plaintiff as debtor-in-possession but Bostwick had no knowledge of this at the time payment was received.

8. Hatmaker has not paid that amount to Bostwick so that Bostwick has not received double payment nor has Hatmaker reimbursed JEPSCO the amount which JEPSCO paid to Bostwick.

9. JEPSCO did not join Hatmaker as a defendant and Bostwick has not sought to join Hatmaker as a third party defendant against whom it could cross-claim in this adversary proceeding.

10. Hatmaker entered into this transaction with Bostwick for the benefit of JEPSCO and JEPSCO prior to November 13, 1980 received the merchandise. There is no evidence as to what portion, if any, of either the merchandise or the proceeds of sale were in the possession of JEPSCO when it became debtor-in-possession on November 13, 1980.

The court is asked to decide whether Bostwick should be required to refund the $19,217.82 to the debtor-in-possession.

11 U.S.C. § 549(a) provides in pertinent part that the trustee may avoid a transfer of property of the estate that occurs after

the commencement of the case and is not authorized under the Bankruptcy Code or by the court. 11 U.S.C. § 1107(a) vests a debtor-in-possession with the rights and powers of a chapter 11 trustee.

The payment to Bostwick here occurred after the commencement of the case and was unauthorized. It does not fall within the exceptions enumerated in § 549(b) and (c). Although at common law plaintiff may not have been permitted to recover where, as here, it mistakenly made a payment contrary to law, § 549, which supersedes the common law, mandates recovery.

Pursuant to B.R. 921, a Final Judgment incorporating these Findings and Conclusions is being entered this date.